CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 JAN 29 AM 11: 20

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

GERALD ALLEN PERRY,　　　　　　 )
TDCJ #644896,　　　　　　　　　　 )
　　　　　　　 Plaintiff,　　　　 )
　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　 )　　　　Civil No. 7:12-CV-202-O-BL
　　　　　　　　　　　　　　　　 )
JOHN DOE,　　　　　　　　　　　　 )
　　　　　　　 Defendant.　　　　 )

## REPORT AND RECOMMENDATION

This is a civil right action filed by an inmate confined in the James V. Allred Unit of the

Texas Department of Criminal Justice in Iowa Park, Texas. This action was severed from a habeas

petition previously filed by Plaintiff. The case involves Plaintiff's claim that prison disciplinary

action was taken against him for purposes of retaliation. *See* Plaintiff's Amended Complaint. He

seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

At least three of Perry's prior civil actions, each filed when he was incarcerated, have been

dismissed as frivolous. *See Perry v. Holmes*, No. 05-20137 (5th Cir.) (dismissed on November 1,

2005 as frivolous); *Perry v. Holmes*, No. 4:04-CV-3865 (S.D. Tex.) (dismissed on October 22, 2004

as frivolous); *Perry v. Thaler*, No. 5:98-CV-261 (E.D. Tex.) (case dismissed on September 15, 1998

as frivolous). Review of the Amended Complaint filed in the instant case reflects that he has failed

to present any allegation which could establish that he is under imminent danger of serious physical injury with regard to his claims of retaliation.[1] Therefore, if Perry wishes to pursue his retaliation claim, he must pay the $350.00 filing fee.

For the foregoing reason, it is RECOMMENDED that the complaint be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and files a motion to reopen within thirty days of the date of this recommendation. After thirty days, Perry should be required to file a new lawsuit.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[1] The Court notes that Perry has filed a document titled "Imminent Danger Exception 28 U.S.C. § 1915(g)" in which he claims that he was placed in a cell with an inmate who threatened to kill him and that his life is in danger because prison officials have labeled him a snitch. *See* Doc. No.9. These allegations are unrelated to the Plaintiff's claim that disciplinary action was brought against him for the purpose of retaliation. *See* Amended Complaint. To the extent that Perry believes he's in danger of attack by other inmates, he is free to bring a new civil action.

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 29th day of January, 2013.


E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE