IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GERALD ALLEN PERRY, ) | | |
| TDCJ #644896, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil No. 7:12-CV-202-O-BL | |
| ) | | |
| JOHN DOE, ) | | |
| Defendant. ) | | |

ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Plaintiff's objections thereto, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct and it is hereby adopted and incorporated by reference as the Findings of the Court. The Court further finds and orders as follows:

In footnote No.1 of his Report and Recommendation the Magistrate Judge notes that Plaintiff has filed a document entitled "Imminent Danger Exception 28 U.S.C. § 1915(g)." In that document, Plaintiff alleges imminent danger of serious physical injury which could circumvent the three strikes bar of 28 U.S.C. § 1915(g). In support of his imminent danger claim, Plaintiff alleges the following:

1. He was placed into a cell with an inmate who threatened to kill him;

2. His request to talk with a supervisor about the danger was ignored;

3. The prison administration has informed some inmates that Plaintiff is a snitch which has put his life in danger;

4. Someone from his neighborhood has put a hit out on him, and;

     5.     He was placed in a cell with an inmate who pulled a knife on him.

In his recommendation, the Magistrate Judge observes that Plaintiff's imminent danger claims are unrelated to the retaliation claim at issue in the instant case. In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff argues that the Court is required to consider all claims set forth by him in all pleadings. He further challenges the constitutionality of the three strikes rule of 28 U.S.C. § 1915(g).

Plaintiff's constitutional challenge to 28 U.S.C. § 1915(g) is foreclosed. The Fifth Circuit Court of Appeals has deemed the statute constitutional despite the possibility that an inmate might be prevented from litigating his claims. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997).

With regard to his allegations of imminent danger, the Court agrees with the Magistrate Judge's assessment. Plaintiff's imminent danger claims are unrelated to the retaliation claim at issue in the instant case. The Fifth Circuit has discouraged the practice of "creative joinder of actions" by prisoners attempting to circumvent the three-strikes provision of 28 U.S.C. § 1915(g). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998). Here, Plaintiff seeks to litigate his retaliation claim by alleging imminent danger for reasons wholly unrelated to the issue of retaliation. Therefore, Plaintiff's imminent danger claims will not be considered in the instant action. However, because Plaintiff has made it clear in his objections that he wants such claims considered, his imminent danger claims shall be severed from the instant case and reviewed in a new civil rights action.

For the foregoing reasons, it is ORDERED that this action is DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th

Cir. 1996). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and files a motion to reopen within thirty days of the date of this order.

It is further ORDERED that the Clerk of Court shall open a new civil rights action styled Gerald Allen Perry v. John Doe. Plaintiff's document titled "Imminent Danger Exception 28 U.S.C. § 1915(g)" (Doc. No. 9 in the instant case) shall be the case opening complaint for the new civil action.

SO ORDERED this 22nd day of February, 2013.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE